# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1702V
Filed: October 22, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| TARA SCHERNER DE LA FUENTE, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | Dismissal; Insufficient Proof; |
| | * | Tetanus-Diphtheria-acellular |
| v. | * | Pertussis ("Tdap") Vaccine; |
| | * | Parsonage-Turner Syndrome; |
| SECRETARY OF HEALTH | * | Shoulder Injury Related to |
| AND HUMAN SERVICES, | * | Vaccine Administration |
| | * | ("SIRVA") |
| Respondent. | * | |
| * * * * * * * * * * * * * | * | |

*Douglas Burdette, Esq.,* Burdette Law, PLLC, North Bend, WA, for petitioner.
*Alexis Babcock, Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

### **DECISION**[1]

**Roth,** Special Master:

      On November 2, 2018, petitioner filed a petition for Vaccine Compensation in the National Vaccine Injury Compensation Program ("the Program"),[2] alleging that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination caused her to develop Parsonage-Turner Syndrome. Petitioner alternatively alleged that she suffered a shoulder injury related to vaccination ("SIRVA").

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On February 24, 2020, respondent filed his Rule 4(c) Report ("Resp. Rpt."). ECF No. 23. Respondent argued that, based on the medical records submitted, petitioner's alleged injury does not meet the criteria for a Table brachial neuritis or a Table SIRVA claim. Resp. Rpt. at 7-9.

To receive compensation under the Program, petitioner must prove either 1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or 2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence indicating that petitioner's alleged injury was vaccine-caused or in any way vaccine-related.

Under the Act, petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1). In this case, because there are insufficient medical records supporting petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion that supports a finding of entitlement.

On October 22, 2020 petitioner filed a Motion to Voluntarily Dismiss Pursuant to Rule 21(a). ECF No. 32. In her Motion, petitioner stated that she "understands that a decision by the Special Master dismissing her petitioner (sic) will result in a judgment against her." Motion at 1.

A dismissal pursuant to Vaccine Rule 21(a) results in the issuance of an Order to Conclude Proceedings, which does not result in an entry of judgment. Because petitioner's Motion specifically states that she understands that a judgment will be entered against her, petitioner's Motion is being interpreted as a request for a dismissal under Vaccine Rule 21(b), which will result in an entry of judgment.

Accordingly, it is clear from the record in this case that petitioner has failed to demonstrate either that she suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination. **Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master